IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEROY DELGADO | § | |
| v. | § | CIVIL ACTION NO. 6:07cv496 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Leroy Delgado, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Delgado says that he received a disciplinary case for participating in a riot, although he was not identified as having participated by the officers on the scene. He says that the charging officer concluded that Delgado was involved through an "internal investigation," and a "written statement" was offered into evidence which consisted of a note found in a trash can, which note did not even implicate him. He says that there was not sufficient evidence to support the finding of guilt.

As punishment for the case, Delgado says that he received 45 days of cell and commissary restriction, and lost 365 days of good time credits. He says that he also received a five-year parole set-off; Delgado concedes that he is not eligible for release on mandatory supervision.

Delgado argued that he is protected under Texas law from the forfeiture of good time unless he actually violated a rule, whether or not a liberty interest exists. He says that because he is not eligible for mandatory supervision, parole is his only option for early release, and so he has a "substantial interest" in parole even if discretionary. Delgado contends that finding that his only

expectancy in early release is not a substantial liberty interest would open the door to discrimination through arbitrary disciplinary action, and that distinguishing between inmates who are eligible for mandatory supervision and those who are not is a violation of equal protection. He asks that the Court find that he has a vested interest in parole and that the Texas mandatory supervision laws are unconstitutional.

After review of the pleadings, the Magistrate Judge issued a Report on November 27, 2007, recommending that the petition be dismissed. The Magistrate Judge concluded, citing Sandin v. Conner, 115 S.Ct. 2293 (2005), that Delgado did not show that any constitutionally protected liberty interest had been infringed. The Magistrate Judge observed that Fifth Circuit precedent clearly states that there is no constitutionally protected liberty interest in release on parole, and rejected Delgado's claim of an Equal Protection violation.

Delgado filed objections to the Magistrate Judge's Report on December 7, 2007. In his objections, he says first that the Magistrate Judge's conclusion that he lacks a liberty interest in parole is contrary to the Supreme Court's decision in Wilkinson v. Austin, 125 S.Ct. 2384, 2394 (2005). This issue was first raised in Delgado's objections to the Report of the Magistrate Judge, and so is not properly before the Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). Even were it properly before the Court, however, this contention lacks merit. Wilkinson held that inmates in the State of Ohio had a liberty interest in not being placed in a "supermax" prison, where the conditions were significantly harsher than those in general population, and included automatic disqualification from parole. This automatic disqualification was one factor, of many, considered by the Supreme Court in determining that a liberty interest existed in avoiding placement in the Ohio supermax prison. The Fifth Circuit has noted that the fact that Texas prisoners are not automatically ineligible for parole upon placement in segregation distinguishes those inmates from the prisoners in Ohio. *See* Farr v. Rodriguez, slip op. no. 05-41395 (5th Cir., December 5, 2007) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2007 WL 4260940). Unlike the Ohio prisoners in

Wilkinson, Delgado has not shown that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life. His claim on this point is without merit even were it properly before the Court.

Second, Delgado complains that the Magistrate Judge erred in determining that he lacks a liberty interest in parole, and says that his petition does not concern his parole set-off but rather the disciplinary case which he received. The Magistrate Judge determined, in accordance with Sandin, that Delgado had not shown that a constitutionally protected liberty interest was infringed by the disciplinary case which he challenged. Delgado's claim on this point is without merit.

Third, Delgado says that even if parole is discretionary, the "right to be reviewed" is mandatory, based on the flat time which he has served. However, in light of the Fifth Circuit cases holding that there is no liberty interest in release on parole, there is plainly no liberty interest in being reviewed for parole. *See, e.g.*, Johnson v. Rodriguez, 110 F.3d 299, 308-09 and n. 13 (5th Cir. 1997) (holding that there are no procedural due process protections for procedures unrelated to protected liberty interests, specifically including parole procedures). This claim is without merit.

Delgado next says that the Magistrate Judge erred by reviewing his Equal Protection Clause claim as though the claim required a showing of a liberty interest, which it does not. He says that the fact that some inmates may seek federal habeas corpus relief for disciplinary cases while others may not is discriminatory. The underlying distinction, as the Magistrate Judge stated, is that some inmates are eligible for mandatory supervision and thus have a liberty interest in early release from prison, while other inmates, those convicted of more serious offenses, are not eligible for mandatory supervision and thus lack any constitutionally protected liberty interest in early release. The State of Texas plainly has a rational basis in making such a distinction, which rationally furthers a legitimate state interest. Delgado's Equal Protection Clause claim is without merit; despite his contention to the contrary, he is not "similarly situated" to inmates who are eligible for release on mandatory supervision.

Delgado maintains that the Texas mandatory supervision and good time statutes are unconstitutional because they wrongly deprive him of good time credits. This contention is incorrect because he is not deprived of good time credits - they serve to accelerate his eligibility for parole Tex. Gov. Code, §498.003(a). The fact that these credits cannot accelerate eligibility for release on mandatory supervision, because Delgado is not eligible for mandatory supervision, does not show that the statute is unconstitutional. His claim on this point is without merit.

Finally, Delgado challenges the Magistrate Judge's recommendation that a certificate of appealability be denied *sua sponte*, saying that reasonable jurists could differ, and the recommendation that the petition be dismissed with prejudice, saying that there has been no answer from the Respondent. These assertions lack merit as well.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Leroy Delgado is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 13th day of December, 2007.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**